**UNITED STATES BANKRUPTCY COURT**
**Southern District of Florida**
www.flsb.uscourts.gov

In re:                                                      Case No. 05-12675-BKC-AJC
                                                            Chapter 7
KIRILL PERCY,

        Debtor          /

BARRY E. MUKAMAL, CHAPTER 7
TRUSTEE,

        Plaintiff,                                 Adversary Proceeding No.
vs.

KIRILL PERCY,                                               ALL DOCUMENTS REGARDING
                                                            THIS MATTER MUST BE
                                                            IDENTIFIED BY BOTH ADV. &
                                                            BANKRUPTCY CASE
                                                            NUMBERS.

        Defendants.          /

### TRUSTEE'S COMPLAINT OBJECTING TO: (1) DEBTOR'S BANKRUPTCY DISCHARGE; AND (2) EXEMPTIONS

**BARRY E. MUKAMAL** as Chapter 7 Trustee, sues the Debtor/Defendant, **KIRILL PERCY**, to: (1) deny the Debtor his bankruptcy discharge; and, (2) object to the Debtor's claimed exemptions. In support thereof the Trustee states:

1. KIRILL PERCY (hereinafter "Debtor") filed a voluntary petition in bankruptcy, under Chapter 7 of Title 11 of the United States Code on the 6th day of April, 2005.

2. Barry E. Mukamal is the duly-appointed Chapter 7 Trustee in these proceedings.

3. Debtor is *sui juris*.

4. This Court has jurisdiction over these proceedings and venue is proper in this Court.

5. The Trustee set the Debtor's Rule 2004 Examination *duces tecum* for Debtor on August 19th, 2005, and Debtor failed to appear, and as of this date, the Debtor has willfully failed to appear for his 2004 examination or otherwise produce the requested documents.

6. Furthermore, the Debtor has failed to list all of his assets and debts in his bankruptcy schedules, and has failed to allow the Trustee's duly-appointed appraiser access to the alleged home of the Debtor.

7. The Debtor is in fact the true owner of the residence that he identifies as his home but has placed it in the name of his mother and wife to avoid his creditors.

8. The Debtor is a disbarred New York attorney for committing criminal acts.

### COUNT I -- Denial of Discharge Per 11 U.S.C. § 727(a)(3)

9. Paragraphs 1-8 are herein re-alleged and re-averred.

10. Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, from which the Debtor's financial condition might be ascertained.

11. As a non-exclusive example of said recorded information as to the Debtor's financial condition the Trustee would assert that the Debtor has concealed or failed to keep or preserve records or documentation relating to: the income derived from his gambling, his losses from gambling; the income from the business operations; bank account and financial information reflecting deposits and withdrawals of these income assets and debits; and other documentation reflecting the receipt and disposition of income of any sort or kind.

12. As such, the Debtors are not entitled to a bankruptcy discharge.

### COUNT II – Denial of Discharge Per 11 U.S.C. §§727(a)(4)(A) and (D)

13. Paragraphs 1-8 are herein re-alleged and re-averred.

14. Debtor has knowingly and fraudulently, in or in connection with this bankruptcy case, made a false oath or account and withheld recorded information relating to the Debtor's property or financial affairs from the Trustee, as an officer of the Estate entitled to possession.

15. Several of the above-stated matters are examples of such false oaths and withholding of recorded information relating to the Debtor's property or financial affairs.

2

16.     As such, the Debtor is not entitled to a bankruptcy discharge.

### COUNT III – Denial of Discharge Per 11 U.S.C. §727(a)(5)

17.     Paragraphs 1-8 are herein re-alleged and re-averred.

18.     The Debtor has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or deficiency of assets to meet the Debtor's liabilities.

19.     The Debtor's discharge must therefore be denied.

WHEREFORE, the Trustee demands judgment in his favor and against the Debtors, denying their discharge, and for such other and further relief this Court deems equitable and just.

### CERTIFICATE OF ADMISSION

**I HEREBY CERTIFY** that I am admitted to the Bar for the District Court in and for the Southern District of Florida and am duly-qualified to practice before this Court as set forth in Local Rule 2090-1(A).

Respectfully submitted this 31st day of October, 2005.

Trustee's Counsel
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250

By: _____
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164

3